**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-2728

Caption [use short title]

Motion for: Leave to file Appendix attached to

Unopposed Brief of Managed Funds Association

in Support of Defendants-Appellees

Set forth below precise, complete statement of relief sought:

The Managed Funds Association seeks leave

to file the appendix to its unopposed amicus curiae

brief in support of Defendants-Appellees, filed

March 2, 2026, nunc pro tunc.

20230930-DK-Butterfly-1, Inc.

v.

HBC Investments LLC

MOVING PARTY: Managed Funds Association, as Amicus Curiae   OPPOSING PARTY: 20230930-DK-Butterfly-1, Inc.

☐ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Michael C. Keats   OPPOSING ATTORNEY: James A. Hunter

[name of attorney, with firm, address, phone number and e-mail]

Fried, Frank, Harris, Shriver & Jacobson LLP   Law Office of James A. Hunter

One New York Plaza, New York, NY 10004   201 King of Prussia Road, Suite 650, Radnor, PA 19087

michael.keats@friedfrank.com; (212) 859-8000   hunter@hunterkmiec.com; (484) 275-2162

Court- Judge/ Agency appealed from: U.S. District Court for the Southern District of New York; Hon. Mary Kay Vyskocil

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): 

Opposing counsel's position on motion:
☑ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No

Requested return date and explanation of emergency: 

Is the oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☑ No  If yes, enter date: 

**Signature of Moving Attorney:**

_____  Date: March 4, 2026   Service : ☑ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 25-2728

## United States Court of Appeals
## For the Second Circuit

20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC.,

Plaintiff-Appellant,

v.

HBC INVESTMENTS LLC and
HUDSON BAY CAPITAL MANAGEMENT LP,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**UNOPPOSED MOTION OF *AMICUS CURIAE* MANAGED FUNDS ASSOCIATION FOR LEAVE TO FILE THE APPENDIX ATTACHED TO ITS *AMICUS* BRIEF *NUNC PRO TUNC***

Michael C. Keats
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000
*Counsel for* Amicus Curiae *Managed Funds Association*

Pursuant to Federal Rule of Appellate Procedure 27 and Second Circuit Local Rule 27.1, the Managed Funds Association ("MFA" or "*Amicus*") hereby moves for leave to file the appendix attached to its unopposed brief as *amicus curiae* in support of Defendants-Appellees, filed on March 2, 2026, *nunc pro tunc*. Counsel for the MFA has sought and received consent for the relief sought in this motion from counsel for both Plaintiff-Appellant and Defendants-Appellees.

On March 2, 2026, with the consent of the parties, the MFA filed its *amicus* brief in support of Defendants-Appellees and affirmance of the District Court's decision. This appeal concerns the application of contractual "blocker" provisions (or "conversion caps") in securities transactions. The MFA argued, consistent with Defendants-Appellees' position, that blockers that are binding as a matter of contract law negate the investors "right to acquire" shares above the applicable threshold under Rule 13d-3(d)(1)(i), and that this contractual limitation is dispositive when determining whether to give effect to a blocker or conversion cap. In its brief, the MFA stated that counsel, "with the approval of *Amicus*, conducted a review of publicly available SEC filings and identified more than 400 *disclosed* blockers in the last six months alone." This highlights the prevalence of blocker provisions in the market, based upon a review of publicly available data of which this Court can take judicial notice. The appendix attached to the MFA's *amicus* brief was simply a chart

showing the publicly accessible data upon which MFA's statement about the use of blockers in the market was based.

On March 3, 2026, the Clerk's Office issued a Notice of Defective Filing, stating that a motion for leave to file the appendix is required. Dkt. No. 25.1. The Notice directed the MFA to "cure the defect(s) and resubmit the document" no later than March 5, 2026. *Id.* The MFA respectfully submits this motion to cure that defect.

No prejudice or confusion can result from inclusion of the appendix. The appendix consists of empirical data compiled by counsel for *Amicus* from publicly available Schedule 13G and Schedule 13D filings on the SEC's EDGAR database. Specifically, the appendix includes a single chart identifying more than 400 Schedule 13G or Schedule 13D filings, reflecting unique issuer and reporting person pairings, made with the SEC over a six-month period (August 11, 2025 to February 11, 2026) that reference contractual blocker provisions or ownership caps prohibiting the acquisition of beneficial ownership in excess of a 9.99% reporting threshold, upon which the MFA's above statement in its brief was based. In short, the appendix's chart provides disclosure of the factual basis of the MFA's policy argument that blockers are widely used by market participants (including the MFA's members), who routinely participate in securities transactions on the understanding that such provisions will be honored.

2

For the foregoing reasons, the MFA respectfully requests the Court's permission to file the appendix that is attached to its *amicus* brief *nunc pro tunc*.

In the alternative, if the Court is not inclined to grant such permission, the MFA asks the Court to accept its *amicus* brief as previously filed, but excluding the appendix.

Respectfully submitted,

Dated: March 4, 2026
   New York, New York

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

By: _____/s/ Michael C. Keats_____
  Michael C. Keats
  FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
  One New York Plaza
  New York, New York 10004
  (212) 859-8000
  michael.keats@friedfrank.com

  *Counsel for* Amicus Curiae
  *Managed Funds Association*

3

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants, resulting in service upon all counsel of record.

/s/ Michael C. Keats
Michael C. Keats

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the length, typeface, and type style requirements of the Federal Rules of Appellate Procedure 27(d)(1) and (2) because it contains 519 words, excluding the parts of the document exempted under Rule 32(f), and because it has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

Dated: March 4, 2026

/s/ Michael C. Keats
Michael C. Keats